UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILLIAM TRAVIS,

        Plaintiff,
vs.

SETERUS, INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, WILLIAM TRAVIS, by and through undersigned counsel, and brings this action against the Defendant, SETERUS, INC. ("SETERUS"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4. SETERUS has developed and employed a scheme of indiscriminately ordering property inspections and charging fees for same to Plaintiff's mortgage loan. SETERUS disguises these inspection fees as "appraisal expenses" on Plaintiff's monthly mortgage statements. The purpose of charging these fees is to increase SETERUS's profit at the expense of Plaintiff.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

9. At all times material hereto, Defendant, SETERUS was and is a foreign Corporation, incorporated under the laws of the State of Delaware, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

10. At all times material hereto, Plaintiff has been the owner of the subject property which is located in Palm Beach County, Florida.

11. At some point in time prior to the violations alleged herein, SETERUS was hired to service the subject loan.

12. At all times material hereto, SETERUS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's property, located at **** Tourmaline Blvd., Boynton Beach, FL 33472.

13. At all times relevant to this Complaint, SETERUS, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

14. At all times relevant to this Complaint, SETERUS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

15. At all times relevant to this Complaint, SETERUS, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

16. At all times relevant to this Complaint, SETERUS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. Upon information and belief, the primary function of SETERUS's servicing business is to collect payment on mortgage accounts.

18. Upon information and belief, SETERUS began servicing the subject loan after it was allegedly already in default.

19. Upon information and belief, SETERUS was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

20. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

21. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

22. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

23. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by SETERUS as loan number: ****5988 (herein after the "Mortgage Loan").

24. In September 2014, SETERUS took over the servicing of the Mortgage Loan.

25. SETERUS currently services the Mortgage Loan on behalf of the investor/owner Federal National Mortgage Association ("Fannie Mae").

26. SETERUS is neither the owner/trustee of the Mortgage Loan nor a party to the Note or Mortgage.

27. Upon information and belief, SETERUS is paid an annual fee for its servicing of the Mortgage Loan.

28. Upon information and belief, SETERUS is paid a percentage of the total unpaid principal balance on the Mortgage Loan.

29. Since September 2014, SETERUS has hired Safeguard Properties, LLC ("Safeguard") to perform "default-related" services on Plaintiff's property, and more specifically, property inspections.

30. The property inspections are conducted indiscriminately, without any justifiable

basis. They are unlawful, unreasonable, and fraudulent.

31. SETERUS disguises the property inspection fees as "Appraisal Expenses" on Plaintiff's monthly mortgage statements.

32. SETERUS engages is such practice to minimize the costs incurred in servicing the Mortgage Loan, whilst maximizing profit, all at the expense of Plaintiff.

## REQUEST FOR INFORMATION

33. On or around March 29, 2015, SETERUS sent Plaintiff's counsel a payoff statement.

34. A true and correct copy of same is attached hereto as Exhibit "A".

35. Upon review of the payoff statement, Plaintiff was concerned about the number of ambiguous charges added to the total payoff amount. Plaintiff wishes to seek an explanation and supporting documentation for said charges.

36. In an effort to utilize the protections afforded to consumers by Congress, on or about June 23, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to SETERUS a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). SETERUS received Plaintiff's RFI on or about June 30, 2015.

37. A true and correct copy of same is attached as Exhibit "B".

38. SETERUS, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

39. SETERUS, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d).

40. Over two months had passed and SETERUS failed to even acknowledge receipt of Plaintiff's RFI, contrary to Section 1024.36(c) of Regulation X.

41. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent SETERUS, through its counsel, a letter informing SETERUS that to date, Plaintiff had not received a response, or even an acknowledgment of receipt, to Plaintiff's RFI. The letter provided SETERUS with an additional opportunity to comply with the law.

42. A true and correct copy of the letter is attached hereto as Exhibit "C".

43. To date, SETERUS has failed or refused to acknowledge receipt of and respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## PROPERTY INSPECTIONS

44. SETERUS has been ordering property inspections of Plaintiff's property since taking over the servicing of the Mortgage Loan.

45. SETERUS caused property inspections to be performed on Plaintiff's property, including by not limited to, on or around September 21, 2014, October 14, 2014, November 7, 2014, December 1, 2014, December 24, 2014, January 14, 2015, February 5, 2015, February 28, 2015, March 3, 2015, April 14, 2015, June 24, 2015, and July 30, 2015.

46. Each of the property inspections are listed on Plaintiff's monthly mortgage statements as an "Appraisal Expense". An example of same is attached hereto as Exhibit "D".

47. The labeling of a property inspection as an "Appraisal Expense" is false characterization of a debt and misleading to Plaintiff.

48. Upon information and belief, the "Appraisal Expense" is not an appraisal but rather an inspection of the exterior of Plaintiff's property.

49. Upon information and belief, SETERUS performs property inspections in order to

increase its billing of Plaintiff and borrowers at large.

50. Upon information and belief, SETERUS is not in need of even monthly inspections.

51. These actions were taken in the open and in broad daylight, in full view of Plaintiff's neighbors, which caused embarrassment, anxiety and consternation to Plaintiff.

52. Upon information and belief, the Fannie Mae does not require or even request that SETERUS perform monthly property inspections.

## LENDER-SERVICER RELATIONSHIP

53. Upon information and belief, Fannie Mae has servicing guidelines in which SETERUS, as servicer for Fannie Mae, must follow.

54. According to the Fannie Mae Servicing Guidelines, "fees may be charged on a repetitive basis only when required or permitted by Fannie Mae's Guides or otherwise clearly supported by the circumstances relating to a particular mortgage loan." *Fannie Servicing Guidelines, Part A, Subpart 4, Chapter 1*, at 220. https://www.fanniemae.com/content/guide/svc021115.pdf (last visited June 8, 2015).

55. Upon information and belief, Fannie Mae does not require that servicers order property inspections more frequently than once every 30 days.

56. According to the Fannie Mae Servicing Guidelines, the servicer generally does not have to inspect a property that secures a delinquent mortgage loan if it has established Quality Right Party Contact ("QRPC") with the borrower and is working with the borrower to resolve the delinquency or a full payment has been received within the last 30 days.

> The servicer must order the property inspection by the 45th day of delinquency and complete the property inspection no later than the 60th day of delinquency if QRPC has not been achieved or a full payment has not been received within the last 30 days. The servicer must continue to obtain property inspections every 30 days until it establishes QRPC as long as the mortgage loan remains 45 days or more delinquent. *Fannie Servicing Guidelines, Part D, Subpart 2, Chapter 2*, at 419-420.

https://www.fanniemae.com/content/guide/svc021115.pdf (last visited June 8, 2015)(emphasis added).

57.    Plaintiff has been in constant contact either individually or through his attorneys in an attempt to mitigate his damages.

58.    Notwithstanding, SETERUS continues to conduct property inspections.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

59.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43.

60.    Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

61.    Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed.*

*Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

62. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

63. SETERUS has failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that SETERUS did not provide a written acknowledgement or response to a request for information within the required timeframe.

64. As such, SETERUS has violated 12 U.S.C. § 2605(k)(1)(E).

65. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

66. Plaintiff is entitled to actual damages as a result of Defendant, SETERUS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to SETERUS's failure to respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014

WL 2988097 (M.D. Fla. 2014)(the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

67. Plaintiff is entitled to statutory damages in an amount not greater than $2,000.00 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SETERUS's pattern or practice of noncompliance with Regulation X and RESPA.

68. In this case alone, SETERUS has violated three (3) separate provisions of Regulation X and RESPA.

69. SETERUS has also failed to comply with Regulation X with respect to loan numbers: ****0469, ****7068, and ****9911.

70. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692e

71. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 58.

72. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e

73. The labeling of property inspection fees as "Appraisal Expenses" is a false representation of the character of a debt. Upon information and belief, the "appraisal expenses" were not incurred as a result of an appraisal, but rather as a result of a property inspection.

74. The labeling of property inspection fees as "Appraisal Expenses" is a false representation a service rendered. Upon information and belief, the "appraisal expenses" were not incurred as a result of an appraisal, but rather as a result of a property inspection.

75. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

76. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

77. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

78. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

79. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 58.

80. Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

81.     SETERUS has unlawfully increased the amount of the debt owed by Plaintiff by charging for fees, which SETERUS has no authority or reasonable basis to impose. This is merely a tactic used to increase the billing of Plaintiff.

82.     SETERUS has attempted to go under the guise of the Mortgage Loan documents to suggest that it is lawful to conduct property inspections at will, indiscriminately, and without justification, merely because the Mortgage Loan is allegedly in default. This is tantamount to the assertion of the existence of a legal right that SETERUS knows does not exist.

83.     SETERUS is aware that it is not a party to the mortgage, yet continues to charge "Appraisal Expense" fees to the Mortgage Loan.

84.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

85.     As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

86.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

87.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, WILLIAM TRAVIS, respectfully asks this Court to enter an order granting judgment for the following:

    (a) That SETERUS be required to provide the information requested in Plaintiff's RFI;

    (b) That SETERUS be required to remove all property inspection fees from the Mortgage Loan;

    (c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f), 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

    (d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM TRAVIS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:      (954) 523-4357
Facsimile:        (954) 581-2786